## MOBLEY *vs.* BILBERRY.

1. The declaration of a vendor, who retains possession of the chattel after the sale, that he is the owner of it, is explanatory of his possession and admissible in evidence as a part of the *res gestæ*.

2. Where on a trial of the right of property the plaintiff introduces evidence to show that a horse, which the claimant pretended to have given to the defendant in execution for the chattel levied on, was retained in the possession of and offered for sale by the claimant after the alleged contract, it is competent for the claimant to rebut it by proof that the defendant had no stable, that the horse was fed with his corn, and that the offer to sell was with his authority.

Error to the County Court of Dallas.

EVANS, for the plaintiff.

GAYLE, for the defendant.

DARGAN, C. J.—This was a trial of the right of property to one half of three bales of cotton.   On the trial a bill of exceptions was taken by the plaintiff in execution to the ruling of the court, which shows that the cotton was raised by Jacob Bilberry and Isham Bilberry, the defendant in execution; that before it was gathered Jacob sold his interest in the cotton to Henry Bilberry, the claimant's intestate; and that Henry, who had purchased Jacob's interest, and Isham, both gathered the cotton.   There was also testimony tending to show that before the cotton was hauled to the gin, Henry bought the interest of Isham, the defendant in execution, and gave him a sorrel mare in payment, and thus became the owner of the whole.   The bill of exceptions recites that there was evidence tending to show that the purchase of Isham's interest was fraudulent and intended to delay and hinder his creditors.   There was no immediate change of possession, the cotton remaining at the place where it was raised. The plaintiff offered to proved by a witness that some two or three weeks after the sale and whilst Henry and Isham were in the joint possession of the cotton and were about hauling it to a gin house, he heard Isham say that he was the owner of the cotton.   To this testimony the claimant objected and the objection was sustained by the court.

Mobley v. Bilberry.

1. It is true that the declarations of a vendor cannot be received as evidence to defeat his own sale after it is consummated; that is, his statements narrative of the contract, as that it was without consideration, or fraudulent, or upon a secret trust, &c., are inadmissible to defeat the title acquired from him, for such declarations are no part of the *res gestæ.*—Thompson v. McBryde & Wife, 8 Ala. R. 650; Mawhinney & Smith v. Thompson, at the present term. But it is equally true that if the vendor remain in possession after the sale, that his declarations explanatory of his possession, as that he held in his own right or for another, are competent proof. In the case of Abney v. Kingsland & Co. 8 Ala. 355, it was said that the affirmation of a party in possession that he held in his own right or under another is proper evidence as part of the *res gestæ,* which *res gestæ* is the continuous possession, but beyond this such declarations are inadmissible.—See, also, Goodgame v. Cole & Co. 12 Ala. 77; Borland v. Mayo, 8 ib. 105; Gary v. Tyrrell, 9 ib. 206. These authorities, we think, fully establish that the testimony tending to show that Isham Bilberry whilst in possession of the cotton claimed it as his own, should have been admitted. What weight such testimony is to have must be left to the jury. It may in some cases be entitled to but little consideration, but it cannot be altogether rejected, and we think the court erred in rejecting this evidence.

2. The plaintiff offered evidence tending to show that the claimant's intestate after the sale of the cotton retained the possession of the mare alleged to have been given to Isham Bilberry in payment of his interest in the cotton, and also offered to sell her. To rebut this the claimant introduced evidence showing that Isham, the defendant, had no stable in which to keep her; that after the sale she was fed with the corn of the defendant in execution; and that he had authorised the claimant's intestate to sell her. To this rebutting testimony the plaintiff objected, but the objection was overruled. We do not think the court erred in overruling this objection. The object of the plaintiff's testimony was to show that no consideration was ever in fact paid for the cotton, because Henry Bilberry, the purchaser, did not part with the possession of the mare that was given or pretended to be given in payment, and the testimony in reply tended to explain why the claimant's intestate offered

to sell the mare, and also why she remained in his possession. For this purpose, we think it was properly admitted. The question was not between the creditors of Henry Bilberry and Isham claiming that the sale of the mare was fraudulent because the vendor retained the possession, but it was whether Henry Bilberry had paid a valuable consideration for the cotton, and we think that this testimony tended to rebut the presumption that might have been drawn by the jury from the evidence offered by the plaintiff, that the claimant retained the possession of the mare after the sale, and therefore had given nothing for the cotton.

Let the judgment be reversed and the cause remanded.